## Cochrane's Estate.

*Executors and administrators—Power to sell mortgage—Appropriation of purchase money.*

Where under a will an executor has full power to sell and assign a mortgage, a purchaser of the mortgage from the executor is not answerable to any one for the proper appropriation of the money. When the purchaser pays to the executor, his duty is at an end.

Argued April 22, 1902. Appeal, No. 126, Jan. T., 1902, by Thomas Cochrane, from decree of O. C. Blair Co., Oct. T., 1900, No. 27, refusing petition for the reassignment of a mortgage in the Estate of James Cochrane, deceased. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for the reassignment of a mortgage to a trustee to be appointed by the court for the purposes of a testamentary trust.

*Error assigned* was refusal of the petition.

*J. F. Sullivan*, for appellant.

*Charles Geesey*, with him *Daniel J. Neff*, for appellee, were not heard.

PER CURIAM, April 28, 1902:

The appellee, Mary A. Newcomber, purchased from an executor a mortgage owned by his debtor in his lifetime in the amount of $2,000, and paid to him the full consideration, then took of record an assignment of it. The executor did not reinvest the money for benefit of appellant as he ought to have done. Afterwards the executor became insolvent and it is probable the money was lost. Appellant claims the mortgage as of right belonging to him. The court below denied his claim.

The trouble with success of appellant's contention is, that the executor under the will of testator had full power to sell and assign the mortgage. The purchaser was not answerable to anyone for the proper appropriation of the money ; when she paid to the executor her duty was at an end. The decree is affirmed on the opinion of the court below.