## Ferguson v. Weaver.

*Executor and trustee—Investment in real estate without authority—Effect of, on title—Responsibility of trustee.*

1. Where an executor is directed by his decedent's will to pay interest or income during the lives of certain legatees, the authority to invest and reinvest the funds is incident to the trust, being necessary to effectuate the intention of the testator.

2. Where an executor and trustee, whose decedent left no real estate, without any specific authority under the will to buy or sell real estate, without an order of court and without the consent of the remaindermen, invests the trust funds in the purchase of real estate and subsequently sells and conveys the real estate, the title is good in the hands of subsequent purchasers.

3. So far as the legatees were concerned, the money so invested was not converted into real estate, and they had no interest in the real estate purchased, but could hold the trustee to account if any money was lost in the transaction.

Case stated. C. P. Lancaster Co., Dec. T., 1923, No. 31.

*J. Roland Kinzer*, for plaintiff.

*J. H. Byrne* and *Harold G. Ripple*, for defendant.

LANDIS, P. J., Jan. 19, 1924.—The case stated shows that on April 16, 1899, Caroline S. Wilson died, leaving a last will and testament, which was afterwards duly proven and is recorded in the Register's Office of Lancaster County in Will Book N, vol. 2, at page 291. In it she appointed her daughter, Launa T. Wilson, her executrix. Subsequently, on July 21, 1903, Frederick A. Biehl and wife, by indenture dated July 21, 1903, and recorded in the Recorder's Office of the same county in Record Book D, vol. 17, at page 564, granted and conveyed unto the said Launa T. Wilson, executrix of Caroline Wilson, her heirs, successors and assigns, "all that certain lot of land, situate on the west side of North Queen Street, between Frederick and New Streets, in the City of Lancaster, Pa., on which is erected a two-story brick dwelling-house, No. 620 North Queen Street; containing in front on North Queen

Ferguson v. Weaver.

Street nineteen and one-half feet, more or less, and extending in depth of that width to property of Frederick A. Biehl one hundred and fifty feet, more or less." On June 10, 1905, the said Launa T. Wilson, executrix of Caroline S. Wilson, by deed recorded in the Recorder's Office in Record Book Y, vol. 17, at page 101, granted and conveyed the same unto Amos G. Ferguson, his heirs and assigns, and on July 26, 1923, the said Amos G. Ferguson entered into a written agreement with the defendant, whereby he agreed, in consideration of the sum of $5500, of which $200 was paid on the execution of the agreement and the balance was to be paid on the delivery of the deed, to convey to the defendant, in fee simple, clear of all encumbrances, dower or ground rent and with a good and marketable title, the said premises. The said Launa T. Wilson, executrix as aforesaid, did not purchase nor sell the said property under or by virtue of an order of the Orphans' Court of Lancaster County, nor has she filed an account as executrix or trustee. It is, therefore, claimed by the defendant that she had no right to purchase nor sell the same and that the remaindermen have never consented thereto, and that for these reasons the plaintiff's title is defective.

The will of Mrs. Wilson declared: "The money I have at interest I bequeath to my said daughter, Launa T. Wilson, who is hereby appointed my executrix, in trust, as follows: The interest or income of one-third part she is to have in her own right; the interest or income of another third she shall apply herself as she may think best for the support of my three grandchildren, James, Agnes and Mary Wilson." The third share was to be held for the support of her son, Henry O. Wilson, but, as he is dead, without heirs, this share cannot be involved in the present controversy. Mrs. Wilson, apparently, possessed no real estate, and, to effectuate her intention, it is manifest that "the money" referred to was to be invested and reinvested; otherwise, no interest nor income would have arisen. This power of investment was, therefore, an incident to the trust: Kaiser's Estate, 2 Lanc. Law Rev. 362. She, exercising her own judgment, invested the sum of $1812.50 in this real estate, and it is not now necessary, we think, to inquire whether or not she only had the right to do this by leave of court. Sufficient for the present is the fact that she did it. But her act did not convert the money into real estate. The deed was to her, "her heirs, successors and assigns." It was personal property when she received it, and personal property it remained after she took the title, so far as the legatees under her mother's will were concerned. They had no interest in the real estate, but they had the right to hold her to an account—as she, on her own motion and without an order of court, invested the money in real estate—if she lost any of it. Fortunately, she did not lose, but sold at a profit.

In 39 Cyc., 378-9, it is said: "While the trustee will not ordinarily be held responsible for the actual value of the property sold, but only for the amount of the proceeds, he will be held chargeable, up to the amount of the proceeds, for money which he should have collected but has not, and for money which he has expended but should have retained. In other words, the trustee is responsible for the proper application of the proceeds." Again, in Wood's Appeal, 92 Pa. 379, it was held that "the law casts no duty upon a purchaser to ascertain if the trusted executor of a decedent's will is mismanaging the estate in fraud of creditors or legatees." In Cochrane's Estate, 202 Pa. 415, it was held that the purchaser of a mortgage from an executor who has power under the will to sell and assign "is not answerable to any one for the proper appropriation of the money. When the purchaser pays to the executor, his duty is at an end."

"An executor or administrator has, as a rule, no power to buy land with personalty of the estate, unless authorized to do so by the will or by statute; but if he so purchases, the property purchased will be considered in equity as part of the estate and as impressed with the character of the purchase money:" 24 Corpus Juris, 200. In Davis's Appeal, 60 Pa. 118, a guardian, by authority of the Orphans' Court, on the eve of the marriage of a female minor ward, and with the consent of the intended husband and the ward, invested her personalty in real estate. The marriage afterwards took place, but the ward died before arriving at age, intestate and without issue, leaving her husband and collateral heirs. It was held that the investment passed to the husband as personal estate.

If, then, the proposition is a correct one, that the real estate, which she as executrix purchased, was to be treated as personal property, it follows she had the right to sell it without an order of court. If she could sell and make a deed for it, it follows that the title in Ferguson is valid. We so conclude, and, therefore, in accordance with the terms of the case stated, order judgment to be entered in favor of the plaintiff for the sum of $5300.

Judgment for plaintiff.

From George Ross Eshleman, Lancaster, Pa.